Antonio SWEATT, Plaintiff–Appellant,

v.

**TENNESSEE DEPARTMENT OF CORRECTIONS; Correctional Healthcare Solutions; Donal Campbell; Jim Rose; Jack Morgan; Kevin Rea; Doran Edwards, Dr., Defendants–Appellees.**

No. 00–5874.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before NORRIS, SILER, and BRIGHT,* Circuit Judges.

## *ORDER*

Antonio Sweatt, a Tennessee state prisoner, appeals pro se a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983 as barred under 28 U.S.C. § 1915(g). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Sweatt filed this action in forma pauperis alleging that his Eighth Amendment rights were being violated by defendant state prison officials' failure to properly treat his chronic sinusitis. Sweatt alleged that a physician had recommended surgery to correct his problem in 1996, but that defendants had opted to treat him with a variety of medications, none of which Sweatt believed was effective.

The district court noted that Sweatt had filed more than three previous actions which had been dismissed as frivolous, and therefore determined that § 1915(g)

barred him from filing this action in forma pauperis. The complaint was dismissed, and Sweatt's motion for reconsideration, which argued that he was exempt from § 1915(g) because he alleged imminent danger of serious physical injury, was denied. On appeal, Sweatt reasserts his claim that his complaint should not be barred because he is in danger of serious injury.

Section 1915(g) provides that a prisoner who has filed three previous actions which were dismissed as frivolous or for failure to state a claim may not file an action in forma pauperis unless he is in imminent danger of serious physical injury. The district court noted that Sweatt had at least four previous actions dismissed as frivolous. Sweatt does not dispute this fact, but argues that his complaint fits within the exception to this rule because the allegedly improper medical treatment he is receiving subjects him to a danger of serious injury. The district court noted that Sweatt's dispute with the prison officials over his treatment has been ongoing for over four years and that Sweatt had failed to allege any serious injury in other than a completely conclusory fashion.

Upon review, we affirm the dismissal of this complaint for the reasons stated by the district court. Sweatt's allegations do not establish that he is in imminent danger of serious physical injury. Therefore, he may file his complaint only upon payment of the full filing fee. The district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.